Frank O'MALLEY, Petitioner,

v.

The Honorable Robert A. LAYDEN, District Judge for the 18th Judicial District, Respondent.

No. P–85–280.

Court of Criminal Appeals of Oklahoma.

July 5, 1985.

---

## ORDER GRANTING WRIT OF MANDAMUS

On April 22, 1985, the petitioner filed with this Court an application to assume original jurisdiction and petition for writ of prohibition and/or mandamus directed to the Honorable Robert A. Layden, District Judge of Pittsburg County. Petitioner asks this Court to direct respondent to furnish him with a psychiatrist for use in his upcoming trial in Pittsburg County District Court, Case No. F–84–136. On May 16, 1985, we directed a response from the District Attorney of Pittsburg County. We received a response on June 4, 1985 from Robert W. Cole, Assistant Attorney General, who answered on behalf of the District Attorney.

Petitioner has alleged in his pleadings that he has a long history of psychiatric problems, and that his sanity at the time of the offense will be a significant factor at trial. In its response, the State concedes that it would be appropriate in this case to furnish petitioner with access to a competent psychiatrist, pursuant to *Ake v. Oklahoma*, —— U.S. ——, 105 S.Ct. 1087, 84 L.Ed.2d 53 (1985). In light of petitioner's allegations and the Attorney General's concession, we agree that petitioner must be furnished access to a competent psychiatrist.

The respondent Judge has stated his belief that our statutes fail to provide for expenditure of funds for defense employment of experts; therefore, he is without statutory authority to order those funds necessary to meet the requirements of *Ake*

*v. Oklahoma, supra.* Title 20, O.S.1981, § 1301, provides that the Court Fund of each county "shall be used from year to year in defraying the expenses of holding court in said county." Section 1304 notes that "[c]laims against the court fund shall include only such expenses as may be lawfully incurred for the operation of the court in the county." Included in the term "expenses" is "attorney fees for indigents in the trial court and on appeal." 20 O.S. 1981, § 1304(b)(8). In *Ake v. Oklahoma, supra,* the Supreme Court recognized that fundamental fairness entitles a defendant to the basic tools *for an adequate defense,* including funds to employ a competent psychiatrist as a defense expert. We therefore hold today that expenses incurred in the employment of defense experts may be properly paid from the Court Fund pursuant to 20 O.S.1981, § 1304(b)(8). Under proper procedure, expert defense witnesses may receive reasonable payment from the Court Fund for professional services rendered. *Accord* Op.Atty.Gen. No. 74–115.

IT IS THEREFORE THE ORDER OF THIS COURT that the petition for writ of mandamus should be and the same hereby is, GRANTED, with instructions that the expenditure of funds for employment of a competent psychiatrist in Case No. F–84–136 shall be made from the Court Fund of Pittsburg County.

IT IS FURTHER THE ORDER OF THIS COURT that the STAY of all court proceedings in Pittsburg County District Court Case No. F–84–136 should be, and the same hereby is, DISSOLVED.

IT IS SO ORDERED.

WITNESS OUR HANDS AND THE SEAL OF THIS COURT this 5th day of July, 1985.

ED PARKS, Presiding Judge

TOM BRETT, Judge